**Date signed February 14, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SAMUEL HEATH SEYMOUR | : | Case No. 04-18540PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ROGER SCHLOSSBERG, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 04-1939PM |
| | : | |
| ANNE CLINTON SEYMOUR | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is the Defendant's Motion to Dismiss this Complaint filed by Roger Schlossberg, Chapter 7 Trustee of the bankruptcy estate of Samuel Heath Seymour.  This bankruptcy case under Chapter 7 was filed on April 6, 2004.  The Complaint relates to the conveyance of Unit 2A of the Oddfellow Condominiums located in Whitefish, Montana.  The property was conveyed to the Debtor and to the Defendant on July 29, 1999, the parties taking title as joint tenants and not tenants in common.  Thereafter, the joint tenancy was severed by the Debtor's conveyance of a Quitclaim interest in the property to his wife, the Defendant, on July 31, 2002.

The Complaint is stated in four counts, and presumably the Trustee's Complaint is filed pursuant to § 544(b)(1) of the Bankruptcy Code whereby he seeks under Montana Law to avoid the transfer made without consideration.  Count I charges, pursuant to Mont. Code Ann.

§ 2-331(a) that the transfer was made with actual intent to hinder or defraud any creditor of the Debtor, and pursuant to § 2-339(1)(a) seeks avoidance of the transaction. Count II is filed pursuant to § 233(1)(b) and charges that the interest was transferred without a reasonably equivalent value and at the time the Debtor was engaged in or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small. Count III is filed in the alternative. In one part, the Trustee charges, pursuant to § 2-334 of Title 31, that the transfer was made without the receipt of the reasonably equivalent value in exchange for the transfer and that Debtor was insolvent, or became insolvent, as a result of the transfer. The Trustee pleads in the alternative that the Defendant, Debtor's wife, was an insider as defined under the Montana Code, and likewise pleads that the transfer be avoided. Count IV cites, pursuant to § 550 of the Bankruptcy Code, the Trustee's claim that he may recover for the estate either the Debtor's interest in the real estate the property transferred or the value of the property from the Defendant.

  The Motion to Dismiss is based on three arguments. First, Defendant asserts that there are no facts pleaded that establish the elements of an avoidance action. Next, the Complaint does not plead fraud with specificity and third, that Montana Law recognizes the tenancy by the entirety and that the property may not be reached by the Trustee as it is exempt as the Defendant's homestead. The Defendant is correct in that the Trustee has not pleaded as required under § 544(b)(1) of the Bankruptcy Code that any creditor exists holding an unsecured claim into whose shoes the Trustee may step. This is a requirement as well under Montana Law. As is pointed out in Epstein Nickles & White *Bankruptcy*, § 6.60 (1992), "a disadvantage of Section 544(b) is that the trustee's rights thereunder are entirely derivative of an actual unsecured creditor. Section 544(b) permits the trustee to attack a transfer only the basis of laws that would allow a transfer to be voided by a present creditor holding an unsecured claim that was in existence at the time of the transfer." *In re Acequia, Inc.I, 34 F.3d 800, 807 (CA9 1994); In re Major Funding Corp.* 126 B.R. 504, 507 (BC S.D. Tex. 1990); *In re Smith*, 120 B.R. 588, 590 (BC M.D. Fla. 1990).

  The purpose of a motion to dismiss is to test the legal sufficiency of a Complaint. *Randall v. United States*, 30 F.3d 518, 522 (CA4 1994). Such a motion should be granted only in very limited circumstances. *Rogers v. Jefferson-Pilot Ins. Co.*, 883 F.2d 324, 325 (CA4 1989). A court considering a motion to dismiss must accept as true all the plaintiff's factual allegations

and all favorable inferences that may reasonably be drawn from these allegations. A motion to dismiss should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (CA4 1993). The court will give the Plaintiff the opportunity see if he can fill in the blanks.

Inasmuch as the Trustee may seek to amend the Complaint, the court will deal with the other issues raised by the Defendant. To begin, Plaintiff alleging a fraudulent conveyance is required to plead only the requisite mental state with particularity. *Atlanta Shipping Corp. v. Chemical Bank*, 888 F.2d 240, 251 (CA2 1987). Such conclusory statements of scienter are generally held sufficient if supported by facts that give rise to a strong inference of fraudulent intent. *Ouaknine v. MacFarlane*, 897 F.2d 75, 80 (CA2 1990). Here, the Trustee has amply pleaded sufficient badges of fraud to give rise to an inference of fraudulent intent. The Trustee pleaded a lack or inadequacy of consideration, a close family relationship between the parties, and the retention of the property within the family. *In re Kieser*, 722 F.2d 1574 (CA2 1983).

Next, the court finds that the tenancy by the entirety relied upon by the Defendant does not exist in Montana. Nothing could be clearer than the opinion of the Supreme Court of Montana in *Clark v. Clark*, 143 Montana 183, 192, 387 P.2d 907, 912 (1963), where the court concluded, "we hold that the estate by the entireties is not a permissible form of ownership in Montana." *See also Lurie v. Sheriff of Gallatin County*, 299 Montana 283, 999 P.2d 342 (2000).

An appropriate order will be entered.

cc:
Janet M. Nesse, Esq., 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Roger Schlossberg, Esq., P.O. Box 4227, 134 West Washington Street, Hagerstown, MD 21741

**End of Memorandum**